Michael D. Wilson
Hill Rivkins & Hayden LLP
Attorneys for Plaintiff
45 Broadway, Suite 1500
New York, NY 10006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| CTC MARINE PROJECTS, LTD.<br><br>    Plaintiff,<br><br>- against -<br><br>T-D JOINT VENTURE PTY. LTD. AND TRIDENT AUSTRALASIA PTY, LTD. AND DARWIN OFFSHORE LOGISTICS BASE PTY. LTD.<br><br>    Defendants. | Docket No. 09 CIV 8673<br><br>**VERIFIED COMPLAINT** |

Plaintiff, CTC Marine Projects, Ltd. ("CTC"), by and through its attorneys, Hill Rivkins & Hayden LLP for its Verified Complaint against defendants, T-D Joint Venture Pty. Ltd., Trident Australasia Pty. Ltd. and Darwin Offshore Logistics Base Pty. Ltd. (hereinafter sometimes referred collectively to as "Defendants"), alleges as follows:

**JURISDICTION**

This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has admiralty jurisdiction over this claim pursuant to 28 U.S.C. § 1333.

## THE PARTIES

1. Plaintiff was and is a foreign business entity which maintains a principal place at Coniscliffe House, Coniscliffe Road, Darlington, County Durham, DL3 7EE, England.

2. Defendant, T-D Joint Venture Pty. Ltd. is a foreign business organization with its principal place of business at 125A Royal Street, East Perth 6004, Western Australia, and is a joint venture between Trident Australasia Pty. Ltd. and Darwin Offshore Logistics Base Pty. Ltd.

3. Defendant, Trident Australasia Pty. Ltd. is a foreign business entity with a principal place of business at 125A Royal Street, East Perth 6004, Western Australia.

4. Defendant, Darwin Offshore Logistics Base Pty. Ltd. is a foreign business entity with a principal place of business at Lot 4233 Pruen, Berrimah, NT 0828, Australia.

## MAERSK RESPONDER CHARTER PARTY

5. On or about December 1, 2008, CTC, in its capacity as owner, entered into a maritime contract charter party with T-D Joint Venture Pty. Ltd. ("TDJV") under which TDJV agreed to charter the cable laying vessel MAERSK RESPONDER from CTC. In connection with the charter of the MAERSK RESPONDER, TDJV agreed to pay charter hire in agreed amounts in U.S. Dollars.

6. The MAERSK RESPONDER was delivered to TDJV pursuant to the charter party on the date as agreed by the parties and was used on the Longtom Project, which included the installation of an offshore pipeline to enable the production of gas from the Longtom Field offshore Australia.

7. The vessel fully performed pursuant to the terms of the charter party. At the termination of the charter party, the vessel was not redelivered pursuant to the agreement and CTC was forced to expend resources to reinstate and demobilize the vessel, which obligation properly belonged to TDJV pursuant to the charter party.

8. During the course of the existence of the charter party, certain payments for hire and expenses were made to CTC by defendant Darwin Offshore Logistics.

9. As of the present date, the following invoices relative to the charter party were issued to the Defendants:

| Invoice No. | Date | Amount |
| --- | --- | --- |
| 4005 | 5/15/09 | $66,248.30 |
| 4006 | 5/15/09 | $88,884.92 |
| 4032 | 5/29/09 | $175,680.00 |
| 4033 | 5/29/09 | $20,880.00 |
| 4072 | 6/15/09 | $685,941.00 |
| 4073 | 6/15/09 | $85,140.00 |
| 4078 | 6/17/09 | $95,144.72 |
| 4091 | 6/22/09 | $320,000.00 |
| 4092 | 6/22/09 | $680,000.00 |
| 4093 | 6/22/09 | $85,000.00 |
| 4094 | 6/22/09 | $1,274,000.00 |
| 4095 | 6/22/09 | $300,000.00 |
| 4096 | 6/22/09 | $30,000.00 |
| 4120 | 6/24/09 | $71,255.16 |
| 4139 | 6/30/09 | $160,000.00 |
| 4140 | 6/30/09 | $320,000.00 |
| 4209 | 7/21/09 | $74,000.00 |
| 4272 | 8/17/09 | $718,480.00 |
| 4273 | 8/17/09 | $82,579.00 |
| 4274 | 8/17/09 | $43,141.34 |
| 4275 | 8/17/09 | $545,700.00 |

These invoices total $5,922,074.44.

10. After deducting credits to these invoices in the amount of $385,940.40, an underpayment of $31.70, and debit note PSI-000090 in the amount of $72,525.30, an outstanding amount of $5,608,691.04 remains due and owing.

11. Pursuant to the charter party, interest on any amounts due and owing is payable at a rate of 1% per month. The amounts due and owing begin as early as June 19, 2009.

12. Despite owing the outstanding amounts and the additional interest due as a result of late payments, Defendants have nevertheless refused and failed to pay the amount due.

13. According to the terms and conditions of the charter party, English law governs all disputes arising out of the charter party. Under English law, interest, attorneys' fees and arbitrators' costs are recoverable by the prevailing party. Accordingly, Plaintiff estimates the value of its claim to be:

| | | |
|---|---|---|
| (a) | Outstanding principal: | $5,608,691.04 |
| (b) | Interest (3 yrs. @6% per annum) | $1,009,564.30 |
| (c) | Legal and Arbitration costs | $ 450,000.00 |
| | Total Claim: | $7,068,255.34 |

## ALTER EGO CLAIM, AND/OR PAYING AGENT CLAIM AGAINST TRIDENT AUSTRALASIA PTY. LTD. / DARWIN OFFSHORE

14. Plaintiff repeats and realleges all of the foregoing allegations as if more fully set forth below.

15. Trident Australasia Pty. Ltd. is the alter ego of TDJV and so dominates and controls TDJV that the corporate veil between these Defendants should be disregarded for purposes of

this dispute.

16. Additionally, Darwin Offshore Logistics is the alter ego of TDJV and so controls TDJV that the corporate veil between these Defendants should be disregarded for purposes of this dispute.

17. Both entities, Trident Australasia Pty. Ltd. and Darwin Offshore Logistics, have, at various times, acted as charterer of the MAERSK RESPONDER.

18. Certain payments of charter hire for the MAERSK RESPONDER had been received by CTC from Darwin Offshore Logistics, and said payments were made in US Dollars.

19. Moreover, on information and belief, the project owner, Nexus Energy, Ltd. awarded the contract for work on the Longtom Development to Trident Australasia Pty. Ltd., which has been identified in press releases as "TDJV". See, Nexus Energy Longtom Development Release found at http://www.nexusenergy.com.au/assets/97/Files/Longtom%20Newsletter%20Feb%2009%20(3).pdf.

20. Moreover, in marketing literature on the Trident Australasia Pty. Ltd. website, Trident advertises Nexus Energy as a client and indicates that it completed the Longtom Project. (See http://www.tridentaustralasia.com/projects.html).

21. At the onset of the Longtom Project, project representatives dealing with CTC regarding the MAERSK RESPONDER were employees of Trident Australasia, not TD-JV. All correspondence regarding the vessel was received from and sent to Trident Australasia email addresses, presumably to employees of Trident Australasia.

22. Additionally, TDJV and Trident Australasia Pty. Ltd. share office space and principal business establishments, with both entities located at 125A Royal Street, East Perth, Western Australia. (Compare Charterer's Place of Business and the contact information of Trident Australasia from http://www.tridentaustralasia.com/contactus.html).

23. Representatives of Trident Australasia Pty. Ltd. are also designated as the notification parties in Box 35 of the charter party for the MAERSK RESPONDER.

24. It is not the general practice in the maritime industry for independent companies to make payments on behalf of other companies or to otherwise deal with a vessel as charterer.

25. Based on the above stated premises and allegations, the corporate veils between Defendants should be disregarded and all Defendants should found liable as alter egos, or in the alternative, as paying agents, for the damages and interest claimed herein.

### BASIS FOR RULE B ATTACHMENT

26. None of the Defendants can be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and plaintiff is informed that one or more defendants , have or will have, during the pendency of this action, property within this District, including funds or credits being held by, or transferred through, one or more garnishee banks or financial institutions within the District.

27. Defendants are engaged in the offshore oil and gas industry, a component of the maritime industry and it is a custom of the maritime industry for payments to made in U.S. Dollars.

28. International U.S. Dollar wire transfers are processed by intermediary banks located mainly in New York City through the Clearing House Interbank Payments System ("CHIPS"), and therefore Plaintiff believes that property belonging to these Defendants is likely to be located in this district in the possession of those intermediary banks identified as garnishees herein. Further, as set forth in the Affirmation of Michael D. Wilson, defendant Trident Australasia Pty. Ltd. currently has funds under attachment in another action pending in this court.

29. Specifically, in relation to the Longtom Project, Petitioners are of the belief that payments from the project owner, Nexus Energy Ltd., are made to Defendants by way of U.S Dollar wire transfers. Moreover, payments made pursuant to the MAERSK RESPONDER charter were made by wire transfer in U.S. Dollars.

WHEREFORE, Plaintiff prays that:

A. That process in due form of law in accordance with Rule B of the Supplemental Rules for Certain Admiralty Claims and in the form of a Process of Maritime Attachment and Garnishment be issued and levied against all property of Defendants within the district, including all funds being held by, or being transferred through, one or more of the garnishee banks or financial institutions within the district up to the amount of $7,068,255.34;

B. That process in due form of law issue against T-D Joint Venture Pty. Ltd., Trident Australasia Pty. Ltd. and Darwin Offshore Logistics Base Pty. Ltd., and that these defendants appear and answer under oath the matters alleged in this Verified Complaint, failing which default judgment be entered against them in the sum of $7,068,255.34;

C. That judgment be entered against Defendants, T-D Joint Venture Pty. Ltd., Trident Australasia Pty. Ltd. and Darwin Offshore Logistics Base Pty. Ltd., for an amount of

$7,068,255.34, plus interest at the agreed rate of 1% per month and attorneys' fees and costs of this matter; and

    D.    That this Court grant Plaintiff attorneys' fees, interest and costs and other such further and different relief as is deemed just and equitable under the circumstances.

Dated: New York, NY
         October 13, 2009

                              Hill Rivkins & Hayden LLP
                              Attorneys for Plaintiff

                              By: _____
                                  Michael D. Wilson

                              45 Broadway, Suite 1500
                              New York, NY 10006
                              e-mail: mwilson@hillrivkins.com

*Of Counsel:*

Jefferson R. Tillery (#17831)
L. Etienne Balart (#24951)
Jones, Walker, Waechter, Poitevent,
  Carrere & Denegre
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8584
Facsimile: (504) 589-8584
E-mail: ebalart@joneswalker.com

30283\Complaint

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CTC MARINE PROJECTS, LTD.<br><br>*Plaintiff*<br><br>VERSUS<br><br>T-D JOINT VENTURE PTY. LTD. AND TRIDENT AUSTRALASIA PTY, LTD. AND DARWIN OFFSHORE LOGISTICS BASE PTY. LTD.<br><br>*Defendants* | CIVIL ACTION<br><br>NO.<br><br>SECTION " "    MAGISTRATE #<br><br>JUDGE<br><br>MAGISTRATE |

### **VERIFICATION**

I, L. Etienne Balart, hereby affirm as follows:

1. I am an attorney and member of the firm Jones, Walker, Waechter, Poitevent, Carrère & Denègre, L.L.P., attorneys for plaintiff CTC Marine Projects, Ltd. I have prepared and read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

2. The sources of my knowledge, information and belief are documents provided by our clients and our discussions with them.

3. As plaintiff is a foreign business entity and none of its officers is located in the Southern District of New York, this verification is made by me as counsel of record.

{N2049649.1}

1

I hereby affirm that the foregoing statements are true and correct.

Dated:  New Orleans, Louisiana
        October 13th, 2009

_____
L. ÉTIENNE BALART